UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
------------------------------------------------------------------------X
JAMES G. HUNDLEY,

                                                Civil Action No.
              Plaintiff,

WAWA, INC. and                               **COMPLAINT**
RYAN SCHWARZMAN individually and        Plaintiff Demands
NAFESSA HARRISON, individually and        a Trial by Jury
SOPHIA COLON, individually

              Defendants.
------------------------------------------------------------------------X

Plaintiff, JAAMES G. HUNDLEY, as and for her Complaint against the above Defendants respectfully alleges upon information and belief as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, § 9-1100 *et. seq.* ("PFPO") and seeks damages to redress the injuries Plaintiff has suffered as a result of being sexually harassed, discriminated against on the basis of her gender and disability, and retaliated against by her employer for complaining of harassment and discrimination.

### JURISDICTION AND VENUE

2. This action involves a Question of Federal Law under Title VII of the Civil Rights Act of 1964.

3. Venue is proper in this district based upon the fact that Plaintiff was employed by Defendants within the County of Philadelphia, Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the events in issue took place in Philadelphia County, Pennsylvania within the Eastern District of Pennsylvania, and that Plaintiff lives in the County of Philadelphia, in the Commonwealth of Pennsylvania.

4. On or about November 17, 2020, Plaintiff dual-filed charges with the EEOC and PHRC against Defendants as set forth herein.

5. On or about January 7, 2021, the Equal Employment Opportunity Commission issued Plaintiff his Notice of Right to Sue.

6. This action is being commenced within 90 days of receipt of the EEOC Right to Sue Letter.

7. Defendant WAWA, INC. has in excess of 15 employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year as defined under 42 U.S.C. §§2000 et seq.

## PARTIES

8. Plaintiff JAMES G. HUNDLY (hereinafter also referred to as Plaintiff and "HUNDLEY") is an individual African American Male who is a resident of the State of New Jersey.

9. At all times material, Defendant WAWA, INC. ") is a business entity duly organized and existing under the laws of the Commonwealth of Pennsylvania and registered to do business in Pennsylvania. Respondent Wawa is headquartered in Wawa, Pennsylvania.

10. At all times material hereto, the Defendant owned, and operated locations known as Store 8361, Store 2535, Store 8013, and Store 191.

11. At all times material Defendant Ryan Schwarzman (hereinafter referred to as "Schwarzman") was employed as a General Manager of Defendant and was Plaintiff's Supervisor at Store 191, located at 1602 South Delaware Ave., Philadelphia, Pennsylvania.

## MATERIAL FACTS

12. On or about June 13, 2013, Hundley was hired by defendant, Wawa, Inc., for an Assistant Management position.

13. Plaintiff was informed that Assistant General Managers were responsible for leading the day-to-day operations of the store in the absence of the General Manager and to otherwise support the General Manager in all facets of running the store. Plaintiff was further informed by WAWA Area Manager, John McKinnon, that Plaintiff would be provided sufficient training for success.

14. Plaintiff was informed by McKinnon that WAWA had a comprehensive training program for those being hired for the assistant manager position. The training was to include computer training, in store personal training, and leadership training.

15. Hundley began to work at Store 8361, in Cinnaminson, New Jersey. It became clear to Hundley and the Defendant that Plaintiff was not getting appropriate training at this location and after several weeks, was transferred to Store 2535 on Aramingo Avenue, Philadelphia, Pennsylvania.

16. He began what was thought to be proper training on May 25, 2020, at Store 2535. However, training was subpar at this location as well. Hundley complained that he was not being properly trained for his Assistant Manager role and that the Manager at the store had favorites who were provided with the better schedules and better training.

17. While employed at Store 8013, in or around June 13, 2020, Plaintiff witnessed an altercation between WAWA Assistant Manager, Nafessa Harrison and a customer concerning the customer's credit card being denied. The customer stated that he was going to call his family members and have them beat up Harrison and destroy the store. After the customer left the store, Plaintiff was berated by Harrison who state "you don't have my back. You are the big black bouncer, and you should have gotten him." She further told Plaintiff she was going to report him to the General Manager, Sophia Colon. No other employee was expected to or required to be in danger for Harrison or any other employee and Plaintiff's employment was negatively impacted by Harrison and in retaliation for Plaintiff's appropriate behavior at work.

18. On June 15, 2020, Plaintiff was called into a meeting with Harrison and her Colon. During the meeting Colon alleged that Plaintiff made a cash mistake and money was missing. In fact, no money had been missing. Colon further stated "over here that nice guy shit won't work. These people here are going to eat you up. You ain't cut out for PA". Colon had been referring to the Plaintiff's reaction to the June 13, 2020 incident

previously described herein. Colon further directed Plaintiff to call Area Manager McKinnon and request a transfer. Plaintiff had no choice but to request a transfer from Store 8013.

19. On June 17, 2020, pursuant to the directive of Colon, Plaintiff emailed McKinnon and asked to be transferred.

20. On June 23, 2020 Plaintiff was transferred to Store 191.

21. On August 17, 2020, McKinnon met with Plaintiff and Schwarzman. Plaintiff told McKinnon that his training was insufficient for success. After McKinnon departed, Schwarzman became angry with Plaintiff. Schwarzman made it clear that he was not happy with Plaintiff for "going behind my back" to McKinnon. Almost immediately, Plaintiffs was notified that his hours were changed by Schwarzman. Plaintiff believed the change was in retaliation for his complaints about training.

22. Further retaliation occurred when Schwarzman began to send Plaintiff home during the workday. When Plaintiff mentioned that he was hot due to the temperature in the store, Schwarzman would send him home and make Plaintiff use his PTO. No other employees were sent home when they complained about the store temperature and be forced into using PTO.

23. Further discriminatory conduct occurred when the defendants reduced Plaintiff's work hours from 40 hours to 32 hours. Other non- African American employees did not have work hours reduced. Plaintiff was also required, unlike other Caucasian employees, to have this work-related conversation while working in the cooler area and Schwarzman refused to permit Plaintiff to leave the area.

24. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

25. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

26. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

27. The above are just some examples, of some of the sexual discrimination and harassment to which Defendants subjected Plaintiff.

28. Defendants have exhibited a pattern and practice of not only tolerating discrimination and retaliation, but also failing to investigate and cure the wrong once it has been reported.

29. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

30. The above are just some examples, of some of the sexual discrimination and harassment to which Defendants subjected Plaintiff.

31. Defendants have exhibited a pattern and practice of not only tolerating discrimination and retaliation, but also failing to investigate and cure the wrong once it has been reported.

**AS A FIRST CAUSE OF ACTION**

## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

32. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint

33. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]* (a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

34. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her sex/gender.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

35. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

36. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

37. Defendants retaliated against Plaintiff because she opposed and reported Defendants' unlawful employment practices.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION
### UNDER STATE LAW

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

39. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

40. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex/gender.

41. Plaintiff hereby states her claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

### AS A FOURTH CAUSE OF ACTION
### FOR RETALIATION
### UNDER STATE LAW

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

44. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of her employer.

## AS A FIFTH CAUSE OF ACTION
## FOR AIDING & ABETTING
## UNDER STATE LAW

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

47. Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e)

by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

**AS A SIXTH CAUSE OF ACTION FOR
DISCRIMINATION UNDER THE PHILADELPHIA
CITY ADMINISTRATIVE ORDINANCE**

48. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

49. The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be an unlawful discriminatory practice: "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment."

50. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of Plaintiff's sex/gender.

51. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Philadelphia Fair Practices Ordinance Chapter 9-1100.

**AS A SEVENTH CAUSE OF ACTION FOR
DISCRIMINATION UNDER THE PHILADELPHIA
CITY ADMINISTRATIVE ORDINANCE**

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

53. The Philadelphia Fair Practices Ordinance § 9-1103(1)(g) provides that it shall be unlawful discriminatory practice: " For any person to harass, threaten, harm, damage, or otherwise penalize, retaliate or discriminate in any manner against any person because he, she or it has complied with the provisions of this Chapter, exercised his, her or its rights under this Chapter, enjoyed the benefits of this Chapter, or made a charge, testified or assisted in any manner in any investigation, proceeding or hearing hereunder"

54. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(g) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. The Philadelphia Fair Practices Ordinance § 9-1103(1)(h) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, induce, compel or coerce the doing of any unlawful employment practice or to obstruct or prevent any person from complying with the provisions of this Section or any order issued hereunder or to attempt directly or indirectly to commit any act declared by this Section to be an unlawful employment practice."

57. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(h) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### AS A NINTH CAUSE OF ACTION FOR VIOLATION OF FAIR PRACTICE ORDINANCE: PROTECTION AGAINS UNLAWFUL DISCRIMINATION VIOLATION OF CHAPTER 9 FAIR WEEK EMPLOYMENT STANDARDS

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. In Philadelphia, the Fair Workweek Ordinance provides predictable scheduling to certain service, hospitality, and retail workers. It requires "Covered Employers" to:

    • post and provide a written 10-day advance notice of work schedules • provide predictability pay for all employer-initiated changes to the posted schedule

    • allow employees to refuse to work additional hours not included in the posted schedule

    • offer existing employees the right to additional work shifts before hiring new employees

    • schedule nine hours of rest between certain shifts unless the employee provides a written consent and payment of $40.

60. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Workweek Ordinance

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
September 7, 2017

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiff*

By: _____
Scott E. Diamond Esq.
1845 Walnut Street, Suite 1601
Philadelphia, Pennsylvania 19103
(215) 391-4790