# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES G. HUNDLEY,** Plaintiff<br><br>v.<br><br>**WAWA, INC.** Defendant | **CIVIL ACTION**<br><br>**NO. 21-0627** |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                                              **June 22, 2021**

### I.    Introduction

James G. Hundley ("Plaintiff") brings this action against his employer, Wawa, Inc. ("Defendant"). Plaintiff alleges that Wawa discriminated against him on the basis of race/color in violation of Title VII of the Civil Rights Act of 1991, the Pennsylvania Human Relations Act (PHRA), the Philadelphia Fair Practices Ordinance (PFPO), and Philadelphia's Fair Workweek law. Defendant seeks to have this case dismissed under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

### II.    Allegations of Complaint

Plaintiff, a black man, was hired by Wawa for an Assistant Manager position on or around May 2020.[1] (Am. Compl. ¶ 14, ECF 9). Assistant Managers lead the day-to-day operations of the

---

[1] There remains a discrepancy with respect to Plaintiff's date of hire at Wawa; it will be assumed here that Plaintiff began working at Wawa in May 2020. The Amended Complaint states that Plaintiff worked at Store 8361 in Cinnaminson, NJ, and began management training at Store 2535 in Philadelphia, PA, on May 25, 2020. (Am. Compl. ¶¶ 17, 18). Yet the Amended Complaint also states that Plaintiff was not hired until June 13, 2020. (Am. Compl. ¶ 14). Further, Plaintiff's EEOC charge states that Wawa hired him in or around June 2013. (EEOC charge, Ex. A, ECF 10-3). Def.'s Memo. in Supp. of Mot. to Dismiss Pl.'s Am. Compl. Under Rule 12(b)(6) references Plaintiff's Amended Complaint at ¶ 14, stating that Wawa hired Plaintiff in 2013. At the Rule 12

store and support the General Manager. (Id. ¶ 15). At or around the time of Plaintiff's hire, Wawa Area Manager John McKinnon informed Plaintiff that Wawa provided a comprehensive training program for Assistant Managers. (Id. ¶ 16). Plaintiff began work at Store 8361 in Cinnaminson, NJ. (Id. ¶ 17). When Plaintiff and Wawa determined that Plaintiff was not receiving adequate training at this location, he transferred to Store 2535 on Aramingo Ave., Philadelphia, PA. (Id.).

On May 25, 2020, Plaintiff began "proper" training at Store 2535, but he found the training there inadequate as well. (Id. ¶ 18). He complained that the Manager offered his "favorites" better schedules and training. (Id.). Plaintiff does not specify to whom he made these complaints. Between May and June 2020, Plaintiff moved to Store 8013. (Id. ¶ 19). The Complaint does not provide an address for this store.

### A. Altercation at Store 8013 on June 13, 2020

On June 13, 2020, Plaintiff's co-worker, Nafessa Harrison, also an Assistant Manager at Store 8013, and a customer had an altercation when the customer's credit card was denied. (Id.). After the incident, Harrison berated Plaintiff, telling him, "[Y]ou don't have my back. You are the big black bouncer, and you should have gotten him." (Id.). Harrison told Plaintiff she was going to report him to Sophia Colon, General Manager of Store 8013. (Id.).

On June 15, 2020, Colon called Plaintiff into a meeting with her and Harrison. (Id. ¶ 20). At the meeting, Colon alleged that Plaintiff made a cash mistake and money was missing. (Id.). Plaintiff alleges in his Complaint that no money was missing. (Id.). Colon also told Plaintiff, "[O]ver here[,] that nice guy shit won't work. These people are going to eat you up. You ain't

---

Motion hearing on June 12, 2021, Plaintiff stated he was hired on June 13, 2020, but this does not clarify statements regarding Plaintiff's work at Wawa in May at Stores 8361 and 2535.

cut out for PA." (Id.). Colon then directed Plaintiff to request a transfer from Store 8013; on June 23, he transferred to Store 191 at 1602 South Delaware Ave., Philadelphia, PA. (Id. ¶¶ 11, 20-22).

### B. Conversation at Store 191 on Aug. 17, 2020

On Aug. 17, 2020, Wawa Area Manager John McKinnon met with Plaintiff and Ryan Schwarzman, General Manager and Supervisor of Store 191, to discuss Plaintiff's training. (Id. ¶ 23). Plaintiff told McKinnon that Plaintiff's training was insufficient for success. (Id.). After McKinnon left, Schwarzman became angry with Plaintiff for "going behind [his] back" to McKinnon. (Id.).

### C. Alleged Retaliation

Almost immediately thereafter, Schwarzman changed Plaintiff's work hours. (Id.). Plaintiff believes Schwarzman made these changes in retaliation for complaining to McKinnon. (Id.). Plaintiff alleges that Schwarzman further retaliated by sending him home and making him use paid time off (PTO) when he complained he was hot working in the store. (Id. ¶ 24). Schwarzman also reduced Plaintiff's work hours from 40 hours per week to 32 hours per week. (Id. ¶ 25). On Oct. 12, 2020, Schwarzman and Plaintiff met in the cooler area of the store to discuss Plaintiff's schedule. (See EEOC charge, Ex. A, ECF 10-3; Id. ¶ 25). Schwarzman did not require white employees to have work conversations in the cooler area and he refused to let Plaintiff leave the area. (Am. Compl. ¶ 25).

Neither the Complaint nor the EEOC charge states when Plaintiff stopped working for Wawa.

### III. Procedural History

3

Plaintiff dual-filed timely charges with the United States Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC) on Nov. 17, 2020, alleging Defendant engaged in race and color discrimination. (Id. ¶ 4). The EEOC issued Plaintiff a right-to-sue letter on Jan. 7, 2020. (Id. ¶ 5). Plaintiff timely filed his original Complaint on Feb. 10, 2021. (See Compl., ECF 1). Defendant filed a Motion to Dismiss, asserting Plaintiff "fail[ed] to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6), on Apr. 8, 2021. (ECF 8). Plaintiff then filed an Amended Complaint on Apr. 9, 2021. (ECF 9). On Apr. 15, 2021, Defendant filed a second Motion to Dismiss under R. 12(b)(6). (ECF 10).

Plaintiff's Amended Complaint alleges nine counts against Defendant:

**Count 1**: Title VII Disparate Treatment on basis of race/color
**Count 2**: Title VII Retaliation
**Count 3**: Violation of PHRA on basis of race/color
**Count 4**: PHRA Retaliation
**Count 5**: Violation of PHRA for Aiding and Abetting (withdrawn)
**Count 6**: Violation of PFPO
**Count 7**: PFPO Retaliation
**Count 8**: Violation of PFPO for Aiding & Abetting (withdrawn)
**Count 9**: Violation of Philadelphia's Fair Workweek law

Plaintiff withdrew Counts 5 and 8 against individual Defendants Schwarzman, Harrison, and Colon at the parties' Rule 12 Motion hearing on June 9, 2021.

## IV. Defendant's Motion to Dismiss Arguments

### A. Count 1: Title VII disparate treatment on basis of race/color
### Count 3: Violation of PHRA on basis of race/color
### Count 6: Violation of PFPO on basis of race/color

In Count 1, Defendant first contends that Plaintiff's Title VII claim of race discrimination should be dismissed because it is time-barred by 42 U.S.C. § 2000–5(f)(1). Defendant next asserts that even if Plaintiff's claim is not time-barred, Plaintiff fails to state a claim upon which relief can be granted, pursuant to R. 12(b)(6).

Title VII, the PHRA, and PFPO each prohibit employment discrimination on the basis of race. See 42 U.S.C. § 2000e-2(a)(1);[2] 43 P.S. § 955(a);[3] PFPO 9-1103(1)(a).[4] In the Third Circuit, "[c]laims under the PHRA are interpreted coextensively with Title VII claims." See Lazard v. All Restore, LLC, No. 19-6040, 2021 WL 1175137, at *4 (E.D. Pa. Mar. 21, 2021) (Slomsky, J.) (quoting Atkinson v. LaFayette Coll., 406 F.3d 447, 454 n.6 (3d Cir. 2006)); see also Weston v. Pennsylvania, 251 F.3d 420, 425 n.3 (3d Cir. 2001) ("The proper analysis under Title VII and the PHRA is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably.").

Similarly, a claim of unemployment discrimination brought under the PFPO is "analyzed coextensively" with Title VII and PHRA claims. Williams v. Carson Concrete Corp., No. 20-5569, 2021 WL 1546455, at *3 (E.D. Pa. Apr. 20, 2001) (Beetlestone, J.); see also Joseph v. Cont'l Airlines, Inc., 126 F. Supp. 2d 373, 376 n.3 (E.D. Pa. 2000) (Joyner, J.) ("Because Title VII … and PFPO address similar substantive issues …[and] claims under those statutes are analyzed in the same manner, we will limit our discussion to Title VII issues.").

---

[2] "It shall be an unlawful employment practice for any employer (1) to fail to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

[3] "It shall be an unlawful discriminatory practice for any employer … because of race, color, … of any individual… to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if individual is the best able and most competent to perform the services required." PHRA 43 P.S. § 955(a).

[4] "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex, … including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment …." PFPO § 9-1103(1)(a).

5

Because the Third Circuit analyzes PHRA and PFPO discrimination claims under the same standard as Title VII claims, this discussion on Defendant's arguments addressing Plaintiff's Title VII claim (Count 1) will apply to Plaintiff's PHRA claim (Count 3) and PFPO claim (Count 6).

### 1. Statute of Limitations and Relation Back

Before bringing a claim for employment discrimination under Title VII, a plaintiff must file a timely charge of discrimination with the EEOC. Fort Bend Cnty. v. Davis, 139 S. Ct. 1843, 1851 (2021); see also Phillips v. Sheraton Soc'y Hill, 163 F. App'x 93, 94 (3d Cir. 2005) ("Non-exhaustion constitutes a possible ground for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."). Dual filing an EEOC and PHRC charge of discrimination and procuring a notice of the right-to-sue from either agency satisfies exhaustion requirements. Mandel v. M&Q Packing Corp. 706 F.3d 157, 163 (3d Cir. 2013) (citing Robinson v. Dalton, 107 F.3d 1018, 1020 (3d. Cir. 1997)).  Only after the EEOC investigates the charge and issues a right-to-sue letter may the plaintiff file a private action in federal court. Barzanty v. Verizon, Pa., Inc., 361 F. App'x 411, 414 (3d Cir. 2010). Plaintiff then has 90 days to bring a civil action against Defendant(s) named in the charge. 42 U.S.C. § 2000−5(f)(1).

In Count 1, Defendant first asserts that Plaintiff's Amended Complaint is time-barred and should be dismissed. Defendant contends that the 90-day period for filing a Title VII claim after the EEOC's right-to-sue notification must be treated as a statute of limitations. (Mot. to Dismiss at 4, ECF 10-2).  The applicable statutory provision is 42 U.S.C. § 2000−5(f)(1):

> If a charge filed with the Commission pursuant to subsection (b), is dismissed by the Commission … the Commission… shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved….

42 U.S.C. § 2000−5(f)(1).

The Third Circuit has held that the 90-day period for filing a court action after the EEOC issues Plaintiff a right-to-sue notification is treated as a statute of limitations. See Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001) ("We have strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed.").

Here, Plaintiff dual-filed a timely charge of race and color discrimination with the EEOC and PHRC on Nov. 17, 2020.[5] After Plaintiff received his EEOC right-to-sue letter on Jan. 7, 2021, Plaintiff timely filed his original Complaint on Feb. 10, 2021, claiming sex/gender and disability discrimination in violation of Title VII and the PHRA.[6] (See Compl. ¶¶ 1, 27, 30, 34, 40, 50). Plaintiff then filed an Amended Complaint on Apr. 9, 2021, more than 90 days after the EEOC issued its right-to-sue letter. In his Amended Complaint, Plaintiff made new claims of race/color discrimination under Title VII, PHRA, and PFPO and withdrew his original claims of sex/gender and disability.[7]

Defendant then contends that because the 90-day period is treated as a statute of limitations, Plaintiff's Amended Complaint can only be timely if it "relates back" to Plaintiff's original Complaint. (Mot. to Dismiss at 5). The applicable statutory provision is Fed. R. Civ. P. 15(c)(1)(B):

> An amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.

Fed. R. Civ. P. 15(c)(1)(B).

---

[5] A person has 300 calendar days to file a charge with the EEOC if a state or local agency enforces a law that prohibits employment discrimination on the same basis as Title VII. 42 U.S.C. § 2000–5(f)(1).
[6] The original Complaint also refers to Plaintiff as a woman (Compl. ¶¶ 34, 37, 40, 41, 44, 50).
[7] Plaintiff attributes his original claims of sex/gender and disability discrimination to a scrivener's error. (Pl.'s Mem. of Law in Opp'n to All Defs.' Mot. to Dismiss Pl.'s Am. Compl, ECF 12).

The Third Circuit has not addressed "relation back" under the circumstances presented here, but Defendant cites other appellate decisions that have refused to allow relation back in similar situations.[8] Defendant also points to Pintor v. Port Authority, No. 08-2138 (SDW), 2009 WL 2595664, at *3 (N.J. Aug. 20, 2009), in which the district court considered whether a Plaintiff's amended complaint related back to his original claims for statute of limitations purposes. In that case, Plaintiff's original claim alleged age and/or disability discrimination but his amended complaint alleged racial discrimination. Id. The district court held that, pursuant to Fed. R. Civ. P. 15(c)(2), Plaintiff's amended complaint was untimely because it did not relate back to the original complaint, which did not include any facts even remotely relating to racial discrimination.[9] Id. at *8. Similarly, Defendant asserts here that Plaintiff's claims of race/color discrimination in his Amended Complaint should be dismissed because they do not relate back to his original claims of gender/sex and disability discrimination and are thus time-barred. (Mot. to Dismiss at 6).

At the hearing on Defendant's Rule 12 Motion on June 12, 2021, Defendant again contended that Plaintiff's claims of race/color discrimination in his Amended Complaint should be dismissed because they do not relate back to Plaintiff's original claims of sex/gender and

---

[8] See, e.g., Manning v. Chevron Chem. Co., 332 F.3d 874 (5th Cir. 2003) (disability discrimination claim did not relate back to original claims based on race and gender); Simmons v. Oklahoma, ex. rel. Dep't of Mental Health and Substance Abuse Servs., 165 F.3d 1321, 1327 (10th Cir. 1999) (retaliation claim did not relate back to original claim based on race); Fairchild v. Forma Scientific, Inc., 147 F.3d 567, 575 (7th Cir. 1998) (disability discrimination claim did not relate back to age claim); Evans v. Tech. Applications & Serv. Co., 80 F.3d 954, 963-64 (4th Cir. 1996) (age discrimination claim did not relate back to sex discrimination claim); EEOC v. Miss. Coll., 625 F.2d 477, 483-84 (5th Cir. 1980) (racial discrimination claim did relate back to sex discrimination claim).

[9] Pintor references Fed. R. Civ. P. 15(c)(2), which applies to government cases. See Fed. R. Civ. P. 15, Notes of Advisory Committee on 1966 Amendments. For purposes here, the applicable provision of R. 15 is (c)(1)(B).

disability discrimination. Plaintiff acknowledged that his original claims were made in error, but he asserted that his original complaint provided sufficient notice of Defendant's alleged discriminatory conduct and that both complaints relied on the same set of material facts. Defendant responded that Plaintiff's new claims represented a change in the theory of Plaintiff's case and should be dismissed pursuant to Title VII's 90-day statute of limitations provision. (ECF 14).

Defendant's Motion to Dismiss Plaintiff's Amended Complaint will be denied because Plaintiff's Title VII claims of race/color discrimination in his Amended Complaint arise from – and thus relate back to – the same set of facts as the original pleading and correspond to Plaintiff's EEOC charge of race discrimination. "[T]he application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings. As such, the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." Bensel v. Allied Pilots Ass'n, 337 F.3d 298, 310 (3d Cir. 2004); see also Chan v. Barbour, 263 F. Supp. 3d 521, 525 (E.D. Pa. 2017) (Rufe, J.) (holding that because Plaintiff's original complaint, which alleged state PHRA violations, and her amended complaint, which alleged federal Title VII and ADEA violations, shared identical facts and Defendant had fair notice of the federal discrimination claims, the amended complaint related back to the date of the original complaint).

Relevant material facts cited in both complaints include Wawa's hiring of Plaintiff on or around May 2020 (Compl. ¶ 12; Am. Compl. ¶ 14);[10] Defendant Harrison calling Plaintiff "the big black bouncer" after an altercation at Store 8013 (Compl. ¶ 17; Am. Compl. ¶ 19); Defendant Colon alleging Plaintiff made a cash mistake and that money was missing (Compl. ¶¶ 20, 21; Am. Compl. ¶¶ 22, 23); Defendant Schwarzman becoming angry at Plaintiff for "going behind [his]

---

[10] See n.1 regarding discrepancies with Plaintiff's date of hire.

back" to complain about his lack of training; and Defendant Schwarzman changing and reducing Plaintiff's work hours (Compl. ¶¶ 21, 23; Am. Compl. ¶¶ 23, 25), sending Plaintiff home and making him use PTO when he mentioned he was hot; (Compl. ¶ 22; Am. Compl. ¶ 24) and requiring Plaintiff to have a work-related conversation in the cooler area of the store (Compl. ¶ 23; Am. Compl. ¶ 25). Plaintiff alleges these same facts in his EEOC charge, which explicitly alleges discrimination based on race and color, not gender/sex or disability. (See EEOC charge, Ex. A, ECF 10-3).

In sum, because Plaintiff's Amended Complaint arises out of the same set of facts as his original Complaint and EEOC charge, the Amended Complaint sufficiently "relates back" to the date of the original pleading and will not be dismissed under Title VII's 90-day filing rule.

## 2. Failure to State a Plausible Claim of Discrimination

Defendant next contends as to Count 1 that even if Plaintiff's new Title VII claims of race/color discrimination are not time-barred, Plaintiff "fail[s] to state a plausible claim upon which relief can be granted" because his Amended Complaint does not establish a prima facie case of discrimination. Fed. R. Civ. P. 12(b)(6). Defendant thus asserts that this claim should be dismissed under R. 12(b)(6).

To survive a Defendant's motion to dismiss brought under R. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at

679 (quoting Fed. R. Civ. P. 8(a)(2)). On this point, the Third Circuit has held that R. 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief' …. [T]here must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (quoting R. 8(a)(2)).

Defendant appears to contend that a plausible cause of action under R. 8(a)(2) depends on Plaintiff's ability to establish the prima facie case of discrimination at the pleading stage. Defendant asserts that because Plaintiff here has not established all elements of the prima facie case, the Court should dismiss the Complaint for failure to state a claim. (Mot. to Dismiss at 6).

To establish a prima facie case of discrimination under Title VII, Plaintiff must allege that: (1) he is member of a protected class; (2) he was qualified for the position; (3) he experienced an adverse employment action; and that (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination. Darby v. Temple Univ., 216 F. Supp. 3d 535, 541 (E.D. Pa. 2016) (O'Neill, Jr., J.) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Under element (4), "a plaintiff must present sufficient evidence to allow a fact finder to conclude that the employer is treating some people less favorably than others based on a trait that is protected under Title VII." Iadimarco v. Runyon, 190 F.3d 151, 161 (3d Cir. 1999).

Defendant contends that Plaintiff fails to establish element (4) of the prima facie case, i.e., that he received less or insufficient training because of his race. (Mot. to Dismiss at 6). Defendant notes that Plaintiff neither alleges racial discrimination at his first three stores nor avers that he received less or insufficient training because of his race or color. (Id.). Defendant cites material facts alleged in the Amended Complaint to make these points. For example, when Schwarzman changed Plaintiff's work hours after he complained about his training to Area Manager McKinnon,

Plaintiff himself believes Schwarzman took this action because he was "unhappy with Plaintiff for 'going behind [his] back,'" not because of Plaintiff's race or color. (Mot. to Dismiss 6-7, citing Am. Compl. ¶ 23). Similarly, when Schwarzman sent Plaintiff home when he complained of the store temperature and made him have a work-related conversation in the cooler area of the store, Defendant asserts that Plaintiff alleges Schwarzman was retaliating for complaining to McKinnon, not because he sought to discriminate against Plaintiff on the basis of race or color.[11] (Mot. to Dismiss 6-7, citing Am. Compl. ¶ 24). In short, Defendant concludes, Plaintiff avers only that he angered Schwarzman by complaining but has not shown how the allegedly adverse consequences of his complaints gave rise to an inference of discrimination. (Mot. to Dismiss, 7).

Defendant's Motion to Dismiss under R. 12(b)(6) will be denied because Plaintiff makes a plausible claim of discrimination pursuant to Iqbal-Twombly and is not required to establish all elements of the prima facie case at the pleading stage. Contrary to Defendant's assertion, the prima facie case is "an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510 (2002). Likewise, the Third Circuit has held that a Plaintiff "need not establish a prima facie case in order to survive a motion to dismiss." Connelly v. Lane Constr. Corp., 809 F.3d 780, 788 (3d Cir. 2016). Rather, the complaint need only allege enough facts to "raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of the McDonnell Douglas framework. Martinez v. UPMC Susquehanna, 986 F.3d 261, 266 (3d Cir. 2021) (quoting Phillips, 515 F.3d 224 at 234).

---

[11] Defendant contends that because Plaintiff does not claim that he received less training because of his race or color, his complaints about his training are not a protected activity. This argument relates more to Plaintiff's subsequent claims that Defendants retaliated against him for complaining and are not necessarily relevant here with respect to establishing element four of the prima facie case, that Defendant's actions, in and of themselves, give rise to an inference of discrimination.

Here, Plaintiff pleads sufficient facts to make a plausible claim of discrimination and survive a motion to dismiss. To start, Plaintiff satisfies the first three elements of the prima facie case of discrimination: (1) Plaintiff is black; (2) he was qualified for the position of Assistant Manager and worked in that capacity for several months; and (3) he experienced the following adverse employment actions: Wawa failed to provide Plaintiff with sufficient training (Am. Compl. ¶¶ 17, 18, 23); Schwarzman sent Plaintiff home and made him use PTO when Plaintiff mentioned he was hot because of the store temperature (Id. ¶ 24); and Schwarzman reduced and changed Plaintiff's work hours (Id. ¶¶ 23, 25).

For element (4) – the adverse employment actions occurred under circumstances that give rise to an inference of discrimination – Plaintiff alleges the following, which we must accept as true at this stage: Harrison called Plaintiff "the big black bouncer" (Id. ¶ 19); Colon claimed that Plaintiff made a cash mistake and directed him to request a transfer from Store 2353 (Id. ¶ 20); and Schwarzman made Plaintiff, but not white employees, have a work-related conversation in the cooler area of store. (Id.). Together, these events sufficiently allege circumstances in which the adverse employment actions described above occurred.

At the hearing on Defendant's Rule 12 Motion on June 12, 2021, Plaintiff referenced two alleged events as giving rise to an inference of discrimination – Harrison calling Plaintiff "the big black bouncer" and Schwarzman sending Plaintiff home when he complained of being hot. The Court asked if Plaintiff had additional examples, reminding Plaintiff that "stray remarks" do not suffice to plead the prima facie case of discrimination. Defendant responded that the events Plaintiff described did not occur because of his race or color and that Plaintiff has pled no facts to show that Plaintiff experienced adverse employment actions on account of his race. (ECF 14).

Even if Plaintiff's Amended Complaint fails to establish that the adverse employment actions occurred under circumstances that give rise to an inference of discrimination, Plaintiff has pled sufficient facts to raise a reasonable expectation that discovery may reveal relevant evidence. Accordingly, Counts 1 (Title VII), 3 (PHRA), and 6 (PFPO) should not be dismissed under R. 12(b)(6), as Plaintiff has not failed to state claims upon which relief can be granted.

### B. Count 2: Title VII Retaliation
### Count 4: PHRA Retaliation
### Count 7: PFPO Retaliation

Defendant asserts that Plaintiff's Amended Complaint is time-barred and fails to state a claim for retaliation under Title VII. Title VII, the PHRA, and the PFPO each prohibit an employer from retaliating against an employee who opposes an unlawful employment practice. See 42 U.S.C. § 2000e-3(a);[12] PHRA 43 P.S. § 955(d);[13] PFPO § 1103(1)(g).[14] As discussed supra, because the Third Circuit analyzes PHRA and PFPO claims under the same standard as Title VII claims, this discussion on Defendant's arguments addressing Plaintiff's Title VII retaliation claim (Count 2) will apply to his PHRA claim (Count 4) and PFPO claim (Count 7).

---

[12] It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

[13] "It shall be an unlawful discriminatory practice for any person or employer [in Commonwealth of Pennsylvania] to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act…." PHRA 43 P.S. § 955(d).

[14] "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex, … including, but not limited to, the following: (g) For any person to harass, threaten, harm, damage, or otherwise penalize, retaliate or discriminate in any manner against any person because he, she or it has complied with the provisions of this Chapter…" PFPO § 1103(1)(g).

### 1. Statute of Limitations

Defendant contends that this count, like Count 1, is time-barred because the Amended Complaint was not filed within 90 days of the EEOC's right-to-sue letter, pursuant to U.S.C. § 2000-5(f)(1). For the same reasons discussed in Count 1, supra, Defendant's motion to dismiss this claim because it is time-barred will be denied.

### 2. Failure to State a Plausible Claim of Retaliation

Defendant asserts that even if Plaintiff's claims of retaliation are not time-barred, Plaintiff fails to plead sufficient facts to establish a prima facie case of retaliation. Moreover, Defendant maintains that because Plaintiff fails to state the underlying claim of discrimination, i.e., that he experienced adverse employment actions because of his race or color under Title VII, his corresponding claims of retaliation have no basis.

A plaintiff's retaliation claim can survive a motion to dismiss if he pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) he engaged in conduct protected by Title VII; (2) the employer took adverse action against him; and (3) a causal link exists between his protected conduct and the employer's adverse action." Connelly, 809 F.3d at 789 (3d Cir. 2016).

With respect to element (1), the protected activity can include "informal protests of discriminatory employment practices, including making complaints to management." Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 135 (3d Cir. 2006). However, a general complaint of unfair treatment is insufficient to establish protected activity under Title VII." Id. "The Third Circuit has been clear that an employee has not engaged in protected opposition activity when he or she complains about unfair treatment but stops short of referencing a protected characteristic as the basis for the unfair treatment." Kier v. F. Lackland & Sons, LLC,

72 F. Supp. 3d 597, 616 (E.D. Pa. 2014) (Buckwalter, J.). The protected activity must relate to employment discrimination charges brought under Title VII, implicating "discrimination on the basis of race, color, religion, sex, or national origin." Slagle v. Cnty. of Clarion, 435 F.3d 262, 268 (3d Cir. 2006); see also Barber v. CSX Distrib. Servs., 68 F.3d 694, 701–02 (3d Cir. 1995) (plaintiff's letter complaining of "unfair treatment in general," but not mentioning age discrimination, was not protected activity in an ADEA retaliation case).

Defendant's Motion to Dismiss Plaintiff's Title VII (Count 2), PHRA (Count 4), and PFP0 (Count 7) claims should be granted because Plaintiff fails to plead sufficient facts to raise a reasonable expectation that discovery may reveal evidence that his complaints about his lack of training constituted a protected activity.[15,16] Plaintiff's complaints about his training are comparable to those made by plaintiff in Paradisis v. Englewood Hosp. Med. Ctr., 680 F. App'x 131, 138 (3d Cir. 2017). In that case, the Third Circuit held that "[f]iling grievances unrelated to discrimination does not . . . constitute protected activity for purposes of a Title VII retaliation claim." Id.

As in Paradisis, the record here shows that Plaintiff made several complaints about his training, but that he did not cite race as the reason for his lack of training. For example, when Plaintiff met with Area Supervisor McKinnon and General Manager Schwarzman on Aug. 17, 2020, Plaintiff complained that his training was "insufficient for success." (Am. Compl. ¶ 23). He does not state that he mentioned race discrimination during this conversation. Further, when

---

[15] In Count 1, Defendants argue specifically that because Plaintiff does not aver that he received any less training or insufficient training because of his race or color, his complaints about training were not a protected activity. However, Defendant's arguments in Count 2 do not discuss whether the complaints were a protected activity.

[16] Also note: Plaintiff does not check the Retaliation box on his EEOC charge or identify specific acts as those of retaliation. However, he generalizes that the events he describes in the charge are examples of retaliation.

Schwarzman and Plaintiff discussed Plaintiff's reduced work hours in the cooler area of the store on Oct. 12, 2020, Plaintiff does not state that he referenced his race as the reason for the schedule changes. (Id. ¶ 25). Plaintiff asserts that Schwarzman did not change the work hours of other non-black employees or make such employees have work-related conversations in the cooler area of the store. (Id. ¶ 25). However, these facts do not establish that Plaintiff's own complaints implicated race discrimination.

At the hearing on Defendant's Rule 12 Motion on June 12, 2021, the Court asked Plaintiff to name Wawa's specific acts of retaliation. Plaintiff responded that Wawa retaliated by transferring him from Store 8013 to Store 191 on South Delaware Ave., Philadelphia, PA; making him use PTO to leave work when he complained he was hot; and altering his work hours. Defendant replied that these acts occurred because Plaintiff's supervisors (Colon and Schwarzman) were angry with him about complaints related to his lack training, which had nothing to do with his race or color. Plaintiff asserted that a second Amended Complaint and discovery would serve to clarify Plaintiff's claims of retaliation.

Because Plaintiff fails to plead sufficient factual allegations to raise a reasonable expectation that discovery may reveal evidence of element one of the prima facie case of retaliation – that his complaints were a protected activity – the Court will dismiss this count without prejudice, and grant Plaintiff leave to amend his Complaint.

### C. Count 9: Violation of Philadelphia's Fair Workweek Law

Defendant contends that Plaintiff describes, in generalized terms, some aspects of Philadelphia's Fair Workweek Law, but makes no factual averments showing how Wawa violated the law. (Mot. to Dismiss at 10).

At the hearing on Defendant's Rule 12 Motion, the Court asked Plaintiff if a federal court has jurisdiction over a claim under Philadelphia's Fair Workweek law. This law, which took effect on Apr. 1, 2020, provides that any person may bring a civil action in a court of competent jurisdiction against any employer violating the law. § 9-4611(7).[17] A key element of the law stipulates that "upon hiring an employee, a Covered Employer[18] shall provide such employee with a written, good faith estimate of the employee's work schedule." Phila. Code § 9-4602(1). The law further requires employers to post and provide a written 10-day advance notice of work schedules (§ 9-4602(4)); provide predictability pay for all employer-initiated changes to the posted schedule (§ 9-4601(10)); and allow employees to refuse to work additional hours not included in the posted schedule (§ 9-4602(6)).

Defendant asserts here that Plaintiff does not provide specific examples of how Wawa violated the Fair Workweek Ordinance. See Phillips, 515 F.3d 224 at 232 (noting that "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests). Plaintiff claims that Schwarzman, supervisor of Store 191, "changed" Plaintiff's work hours "almost immediately" after Plaintiff complained of his training on Aug. 17, 2020. (Am. Compl. ¶ 23). Plaintiff also asserts that his work hours were later "reduced" from 40 to 32 hours a week. (Id. ¶ 25). Yet in

---

[17] An employee is not required to file a complaint with the Mayor's Office of Labor before bringing an action in court. Section 9-4611(3) provides that "[a]ny person alleging a violation of this Chapters shall file a complaint with the Agency within two years … of the alleged violation." § 9-4611(3). Here, Plaintiff did not file a Complaint with the Mayor's Office of Labor. However, § 9-4611(7)(b) states that, "[n]othing in this Chapter or its implementing regulations shall be construed to require a complaint to be filed with the Agency before bringing an action in court or before any governmental agency." § 9-4611(7)(b).

[18] A "Covered Employer" is a retail establishment, a hospitality establishment or a food serves establishment that employs 250 or more employees and has 30 or more locations worldwide. Phila. Code § 9-4601(4).

both instances, Plaintiff does not plead facts clarifying the specific timing and notification of these schedule changes to indicate that Wawa violated the Fair Workweek law. Plaintiff conclusively avers that "Defendant[] engaged in an unlawful discriminatory practice in violation of Philadelphia's Fair Workweek Ordinance." (Id. ¶ 62).

Plaintiff's EEOC charge, however, provides detailed information regarding the timing and notification of Plaintiff's schedule changes at Store 191. A court "may consider the EEOC charge and related EEOC documents[] . . . either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting this motion to one [for] summary judgment." Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000), aff'd, 276 F.3d 579 (3d Cir. 2001). In Plaintiff's EEOC charge, for example, he describes how, on Oct. 17, 2020, he was told that his hours would be cut, but he did not learn his new schedule until the following week, on Oct. 26, 2020. (See EEOC charge, Ex. A, ECF 10-3). Plaintiff's EEOC charge further describes multiple disputes with Wawa regarding his schedule, indicating that, at this stage in the proceedings, Plaintiff's claim that Wawa violated Philadelphia's Fair Workweek law may have merit. For this reason, this count should not be dismissed.

**V.    Conclusion**

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss as to Counts 1, 3, 6, and 9, and grant Defendant's Motion to Dismiss as to Counts 2, 4, and 7, without prejudice. An accompanying Order follows.

O:\CIVIL 21\21-627 Hundley v. Wawa, Inc. et al\MTD memo.docx

19